LABORDE, Judge.
Independent Wrecker and Towing, Inc. and John Giaimis, plaintiffs-appellees, brought the present proceeding against Cal-casieu Parish Police Jury, defendant-appellant, to have Section 8 of Ordinance Number 2249 of the Parish of Calcasieu to be declared invalid. Upon hearing the evidence, the trial court rendered judgment in favor of Independent and Giaimis, declaring the provisions for wrecker fees in Section 8 of Ordinance Number 2249 invalid and enjoining the parish from collecting such a permit or license fee in excess of $10.00 per annum per person. The Police Jury appeals. We affirm.
The sole issue on appeal is whether the $100.00 per year permit fee required for each emergency auto wrecker to operate in Calcasieu Parish is illegal and unlawful since Section D of LSA-R.S. 45:180.1, the state enabling act, purports to limit such a license fee to the sum of $10.00 per year per person.
The Police Jury adopted Ordinance Number 2249 on November 5, 1981. Subsequently, Independent and Giaimis filed an action against the Police Jury. In their petition they raised the issue that several sections of Ordinance Number 2249, an ordinance of the Parish of Calcasieu which governs the operation and use of “emergency auto wreckers”, were unconstitutional. As a result of the filing of this suit, the Parish amended Ordinance Number 2249 and passed Ordinance Number 2320 on May 6, 1982. As a result of the passage of Ordinance Number 2320, the only remaining issue in this litigation is the validity of Section 8 of Ordinance Number 2249. Section 8 of Ordinance 2249 reads as follows:
“The permit fee to operate an ‘emergency auto wrecker’ or ‘emergency auto wreckers’ shall be One hundred and no/100 ($100.00) Dollars per year, payable to the Calcasieu Parish Police Jury, for each ‘emergency auto wrecker’ which has been authorized to operate by the Police Jury...”
The trial court found that the only authority that has been given the parish by LSA-R.S. 45:180.1 is to provide regulations that have been authorized by statute for the Louisiana Public Service Commission. It further found that the fee for a license or permit is specifically limited by the statute to $10.00 per person, therefore, that is the maximum which the parish is allowed by law to charge through the enactment of its wrecker ordinance.
The Police Jury contends that the trial court erred in declaring Section 8 of Ordinance Number 2249 invalid and enjoining the Parish from collecting a permit or license fee in excess of $10.00. It is their contention that since the Public Service Commission has not enacted statewide regulations they have the power to regulate, control, supervise and govern the business of wrecker operations within R.S. 45:180.-1(F). They urge that their power to regulate enables them to establish the $100.00 license fee.
LSA-R.S. 45:180.1(F) authorizes the Parish to regulate wreckers. It states:
“Municipalities and Parishes may, by ordinance, regulate control, supervise and govern the business of operation and use of wreckers and towing devices in the manner provided under this section until such time as the Public Service Commission shall pass uniform regulations applicable throughout the state; ...” (Emphasis added)
LSA-R.S. 45:180.1(D) provides:
“D. No person shall engage in the business of the operation and use of wreckers and towing services without first having obtained from the commission a wrecker license, the number of which shall be displayed on both sides of every wrecking vehicle he operates. The fee for such license shall not exceed ten dollars.” (Emphasis added)
*1082 In Bradford v. City of Shreveport, 305 So.2d 487 (La.1974), the Supreme Court held:
“It has long been settled in this state that municipal corporations are creatures or agencies of the state established by the legislature for the purpose of administering local affairs of government and, as such, possess only those powers delegated by the state.”
In its reasons for judgment, the trial court stated that “Section F expressly and specifically provides that parishes may by ordinance regulate the business of operations of wreckers ‘in the manner provided under this section’, which refers to Section 45:481.01 (sic) in its entirety”.[1] The trial court further stated that under the circumstances, the only authority that has been given the parish by the ordinance is to provide regulations that have been authorized by the statute for the Louisiana Public Service Commission. Since the fee for a license or permit is specifically limited by statute to $10.00 per person, the trial court concluded that this is the maximum which the parish is allowed by law to charge through the enactment of its wrecker ordinance.
After a review of the jurisprudence and a careful study of R.S. 45:180.1, we conclude the trial court was correct in declaring the parish ordinance invalid and in enjoining the parish from collecting a license fee in excess of $10.00.
For the above and foregoing reasons, the judgment of the trial court is affirmed at the Calcasieu Parish Police Jury’s, defendant-appellant-, costs.
AFFIRMED.

. The correct statutory provision is 45:180.1